

# THE ATTORNEY GENERAL
## OF TEXAS

GROVER SELLERS
~~ATTORNEY GENERAL~~
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable J. Watt Page,
Brigadier General, USA,
State Director of Selective Service,
Austin, Texas

Dear General Page:

Opinion No. O-5550

Re: Whether or not a Commissioner
of the Port Isabel-San Benito
Navigation District, under the
Constitution and laws of this
State, is disqualified from
holding the office of member
of a local board in the Selec-
tive Service System.

Your letter requesting an opinion from this depart-
ment upon the above subject matter is as follows:

"As State Director of Selective Service,
I request the opinion of your Department on
the following question:

"Is a Commissioner of the Port
Isabel-San Benito Navigation Dis-
trict, under the Constitution and
laws of this State, disqualified
from holding the office of member
of a local board in the Selective
Service System?

"Local boards are created by virtue of
the authority granted in Section 10 (a) (2) of
the Selective Training and Service Act of
1940, as amended. I quote therefrom in part
as follows:

"'There shall be created one or more
local boards in each county or political
subdivision corresponding thereto of each
State, Territory, and the District of
Columbia. Each local board shall consist
of three or more members to be appointed

by the President, from recommendations made by the respective Governors or comparable executive officials. No member of any such local board shall be a member of the land or naval forces of the United States, but each member of any such local board shall be a civilian who is a citizen of the United States residing in the county or political subdivision corresponding thereto in which such local board has jurisdiction under rules and regulations prescribed by the President. Such local boards, under rules and regulations prescribed by the President, shall have power within their respective jurisdictions to hear and determine, subject to the right of appeal to the appeal boards herein authorized, all questions or claims with respect to inclusion for, or exemption or deferment from, training and service under this Act of all individuals within the jurisdiction of such local boards. The decisions of such local boards shall be final except where an appeal is authorized in accordance with such rules and regulations as the President may prescribe.'

"Pursuant to the authority vested in him by said Act, the Governor of this State has divided the State into local board areas, in accordance with Selective Service Regulations, and has caused to be established in these areas the local boards authorized by the Act and by the Regulations. The President of the United States, on the recommendation of the Governor, has appointed the members of these boards. I quote from Section 603.52 of the Selective Service Regulations:

"'For each local board area, a local board of three or more members shall be appointed by the President, upon recommendation of the Governor. The members shall be male citizens of the United States who are not members of the land or naval forces; they preferably should be residents of the area for which their board is appointed, and in any event, shall be residents of the county in which their local board has jurisdiction; and they should be at least 38 years old.'

"According to the provisions of Section 602.3 of the Regulations, the services of members of local boards 'shall be uncompensated, and no such person shall accept remuneration from any source for services rendered in connection with selective service matters.'

"Section 602.4(a) of the Regulations provides as follows:

"'Every person who undertakes to render voluntary uncompensated service in the administration of the selective service law shall, before he enters upon his duties, execute an Oath of Office and Waiver of Pay or Compensation (Form 21)."

Section 12, of Article XVI, of the State Constitution, is as follows:

"No member of Congress, nor person holding or exercising any office of profit or trust, under the United States, or either of them, or under any foreign power, shall be eligible as a member of the Legislature, or hold or exercise any office of profit or trust under this State."

Undoubtedly, the Commissioners of the Port Isabel-San Benito Navigation District hold offices of profit and trust, under the laws of this State. (See Rev. Civ. Stat., Art. 8209 et seq).

It only remains to be seen whether or not a member of a local board of the Selective Service System holds "an office of profit or trust under the laws of the United States."

Section 10 of the Selective Training and Service Act of 1940, as amended, insofar as pertinent, reads:

"(a)  The President is authorized —

"(1)  to prescribe the necessary rules and regulations to carry out the provisions of this Act;

"(2)  to create and establish a Selective Service System, and shall provide for the classification of registrants and of persons who volunteer for induction under this Act on the basis of availability for training and service, and shall establish within the Selective Service System civilian local boards and such other civilian agencies, including appeal boards and agencies of appeal, as may be necessary to carry out the provisions of this Act.  There shall be created one or more local boards in each county or political subdivision corresponding thereto of each State, Territory, and the District of Columbia. Each local board shall consist of three or more members to be appointed by the President, from recommendations made by the respective Governors or comparable executive officials.  No member of any such local board shall be a member of the land or naval forces of the United States, but each member of any such local board shall be a  civilian who is a citizen of the United States residing in the county

or political subdivisions corresponding thereto in which such local board has jurisdiction under rules and regulations prescribed by the President. Such local boards, under rules and regulations prescribed by the President, shall have power within their respective jurisdictions to hear and determine, subject to the right of appeal to the appeal boards herein authorized, all questions or claims with respect to inclusion for, or exemption or deferment, from, training and service under this Act of all individuals within the jurisdiction of such local boards. The decisions of such local boards shall be final except where an appeal is authorized in accordance with such rules and regulations as the President may prescribe. * * *."

The general nature and elements of public office are thus stated in 42 American Jurisprudence, p. 881, Sec. 3:

"Public officers are created for the purpose of effecting the end for which government has been instituted, which is the common good, and not for the profit, honor, or private interest of any one man, family, or class of men. In the last analysis a public office is a privilege in the gift of the State. It must have some permanency and continuity and possess a delegation of a portion of the sovereign power of government to be exercised for the benefit of the public; the power conferred and the duties to be discharged must be defined, directly or impliedly, by the Legislature or through legislative authority; and the duties must be performed independently and without control of a superior officer, created or authorized by the Legislature and by it placed under the general control of its superior officer or body. Briefly, the term 'public office' embraces the idea of tenure, duration, fees, emoluments, powers and duties. * * *. All of them taken together constitute a public office."

This compendium of definition expresses the commonly-accepted rule, and has been uniformly followed by the decisions and departmental opinions.

All of these commonly-accepted indicia of public office appear in the present case, that is to say, the office of member of the local board is created by legislative act, the powers conferred upon such boards are those with respect to a governmental function, and there is the necessary degree of continuity of the service to constitute such membership a public office. However, as above stated, the membership does not carry with it any compensation, nevertheless this is not required by the terms of Section 12, Article XVI, of the Constitution.

It is not required that the delegation of a part of the governmental function shall be in any degree of importance. It is enough that it delegates some of the governmental functions, even though it be small and relatively unimportant.

If we are right in our conclusions, your question is not affected by any consideration of the worthiness of the service nor of the patriotic notice that would prompt a State officer to render such service. The Constitution is the supreme law of the State, and such considerations do not call for, nor will they justify a disregard of it.

In Opinion No.0-5341 we recently held that the position of County Chapter Chairman of the American Red Cross was not an office within the meaning of Section 12, of Article XVI, of the Constitution, although the American National Red Cross is incorporated by act of the congress, but that holding was upon the ground that the Congress had in no way, directly nor by delegation, created the office of Chairman of the County Chapter, by reason of which the office or position was not one held under the United States Government. In the course of the opinion we cited the case of Kingston Associates v. LaGuardia, 281 N. Y. Supp., 390, wherein this distinction was emphasized in the following language:

"Clearly the members of the advisory committee on allotments possess none of the powers of the sovereign. They perform no independent governmental functions. Such function in general is either legislative, judicial or executive; it is too plain to require discussion that the advisory committee exercises no legislative or judicial prerogative. It appears to be fairly evident that it likewise possesses no powers of the executive. * * *. The committee thus lacks the most important characteristic or attribute associate with the idea of public office, namely, the right to exercise some part of the power of the sovereign." (Emphasis supplied).

In the present inquiry, as we have shown above, some of the governmental function is expressly conferred upon the members of the Selective Service System.

From what we have said it follows that your question should be answered in the affirmative.

APPROVED SEP 2,1943
/s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION COMMITTEE
OS-MR BY /s/BWB
Chairman

Very truly yours

ATTORNEY GENERAL OF TEXAS

By   /s/ Ocie Speer
        Ocie Speer
        Assistant